UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF CELLULAR TELEPHONE BEARING ATF EVIDENCE BARCODE #2779855, FURTHER DESCRIBED IN ATTACHMENT A, CURRENTLY IN THE CUSTODY OF THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES IN BURLINGTON, VERMONT | Case No.  2:22-MJ- 116 |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Samuel Brown, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.   I submit this affidavit in support of finding probable cause to search an electronic device (hereinafter referred to as "Subject Device 1"), recovered following the arrest of Leon Delima on October 14, 2022.  Subject Device 1 is described with greater particularity in Attachment A, attached hereto and incorporated herein.  The applied for warrant would authorize the forensic examination of Subject Device 1 for the purpose of identifying electronically stored data that is evidence of drug distribution and gun possession activities by Leon Delima in June and July of 2022 as particularly described in Attachment B.  Specifically, law enforcement recovered and currently has secured in Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") custody in the ATF Field Office in Burlington, Vermont, the following:

a.   An AT+T Apple iPhone 13 Pro Max model A2483 with IMEI 354347188246174 assigned ATF evidence item number 2779855 (Subject Device 1) and currently in the custody of the ATF's Burlington, VT Field Office.

1

2.   I am a Special Agent (SA) with the United States Department of Justice, Bureau of

Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been since July of 2014.  I am

currently assigned to the Burlington, Vermont Field Office in the Boston Field Division.  I

attended the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia full-time

for six-and-a-half months.  While at FLETC, I received training in practices and methods of

illegal firearm possessors, firearm traffickers, and related federal criminal statutes.  As a Special

Agent, I have conducted and/or participated in a number of investigations involving state and

Federal firearm and controlled substance violations.  I have interviewed multiple victims,

witnesses, and suspects regarding various types of criminal activity.  I have also served search

warrants for various crimes and have made criminal arrests for firearm and controlled substance

violations.  Prior to becoming an ATF Special Agent, I was a Law Enforcement Ranger with the

United States National Park Service for approximately seven years.  As a Ranger, I participated

in state and Federal investigations involving possession of illegal weapons including firearms

and possession of controlled substances.  I also conducted numerous investigative stops and

probable cause searches of people and vehicles.  I participated in physical surveillance operations

and in the service of state and Federal arrest warrants.

3.   The facts in this affidavit come from my personal observations, my training and

experience, and information obtained from other agents and witnesses.  This affidavit is intended

to show simply that there is sufficient probable cause for the requested warrant and does not set

forth all of my knowledge about this matter.

4.   Based on the facts as set forth in this affidavit, there is probable cause to believe the

information described in Attachment A contains evidence of possession of a firearm by a

previously convicted felon, in violation of 18 U.S.C § 922(g)(1), possession of a stolen firearm,

2

in violation of 18 U.S.C. § 922(j), and knowing possession with intent to distribute controlled

substances, in violation of 21 U.S.C. §841(a)(1), as described in Attachment B.

## PROBABLE CAUSE

5.   On September 15, 2022, I submitted an affidavit in support of a Federal search warrant

outlining probable cause to believe that evidence of violations of 18 U.S.C. §§ 922(g)(1) and

922(j) and 21 U.S.C. § 841(a)(1) by Leon Delima would be found on an Apple iPhone with a

cracked screen found in a camouflage colored "Bape" brand case assigned ATF evidence item

number 2764105 (not referred to again in this affidavit) and an Apple iPhone with a cracked

screen found in an "Otterbox" brand case assigned ATF evidence item number 2764107

(referred to in this affidavit as the Prior Subject Device).  A true and correct copy of the affidavit

is attached hereto as Exhibit 1, and it is incorporated herein in its entirety.  The Honorable

Magistrate Judge Kevin J. Doyle issued the warrant.

6.   On October 12, 2022, Drug Enforcement Administration (DEA) special agents and task

force officers conducted surveillance of Delima in preparation for an anticipated indictment and

arrest warrant.  During surveillance, investigators observed Delima driving a black Jeep Grand

Cherokee with TN tag# BFC3127.  The vehicle is registered to Ljiljana Yahyazadeh who lives at

54 Suburban Square in South Burlington, VT.  From approximately 2:50p.m. to 4:30p.m., DEA

investigators observed Delima and the Jeep in and around the area of Simon's Downtown gas

station located at 93 South Winooski Avenue in Burlington, VT.  I know Simon's is an area

known to be commonly used by drug distributors and buyers to conduct exchanges.  Delima left

the area in the Jeep and was followed until he turned down Suburban Square.

7.  On October 13, 2022, Delima was indicted by a federal grand jury for 18 U.SC. §922(g)(1) and 21 U.S.C. 841(a)(1).  A warrant was subsequently issued for his arrest.

8.  On October 14, 2022, DEA investigators, with assistance from a variety of other law enforcement agencies, conducted surveillance around 54 Suburban Square and located the Jeep in the driveway.  At approximately 11:15a.m., investigators observed Delima come out of the residence briefly to walk dogs and then go back inside.  At approximately 11:40a.m., Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) special agents, including myself, and with assistance from a variety of other law enforcement agencies arrived at 54 Suburban Square.  ATF agents knocked on the door and it was answered by Delima who was immediately taken into custody without incident.  While Delima was being taken into custody, ATF Special Agent Tam Veith noticed a phone slip out of Delima's pocket.  ATF Special Agent Matthew Ekstrom noted the phone laying next to Delima and confirmed with Delima that it was Delima's phone.  Agent Ekstrom took custody of the phone, an AT+T Apple iPhone 13 Pro Max model A2483 with IMEI 354347188246174 (Subject Device #1).  Burlington Police Department (BPD) Detective Oren Byrne transported Delima to the Burlington Police Station for fingerprinting and processing.  While at the station, Det. Byrne located $1,160 in U.S. currency on Delima's person and took custody of it for safe keeping.  Det. Byrne later transported Delima to the Northwest State Correctional Facility pending further judicial proceedings.

9.  On October 27, 2022, I reviewed two sets of AT+T toll records and subscriber information, some of which were received after Delima's federal arrest.  The toll records and subscriber information were for the Prior Subject Device (previously defined as assigned ATF evidence item number 2764107) and for Subject Device 1.  In comparing the two sets of toll records, I noted that the phone number associated with both devices was 802-777-1656.  I also

4

noted both phones were billed to the name, "Leon Delima," and both had the same billing account number and billing address.  In reviewing Subject Device 1's toll records, I noted that the IMSI (a number used by phone companies to locate a specific phone in the system) changed on July 6, 2022. This is consistent with law enforcement seizing Delima's prior device utilizing this number on July 2, 2022 and "porting" the number to the Subject Device

10. I also compared call frequency lists between the two set of toll records.  On the Prior Subject Device, I reviewed a call frequency list that went from June 1, 2022 to July 2, 2022.  On Subject Device 1, I reviewed a call frequency list that went from July 3, 2022 to October 17, 2022.  I noted that both lists had numerous callers in common, including six callers that appeared on the top fifteen for both lists.  Of those six, two stood out to me as pertinent to the current investigation:

      a. 347-350-4808 is associated in the Accurint database with "Quentin Dingle".  I am familiar with "Quentin Dingle" and know he has a history of narcotics distribution (including convictions).

      b. 802-497-4460 is associated in the Accurint database with "Monique Simmons".  I reviewed "Monique Simmons" in law enforcement databases and learned she has a history of narcotics distribution (including convictions).

## TRAINING AND EXPERIENCE

11. Based on my training and experience, I also know the following:

      a. People who cannot legally possess firearms often use communication devices, such as cell phones, as a way to acquire firearms from other people. Once firearms have been acquired, people often possess these firearms for long periods of time because they cannot legally acquire other firearms. These people often also possess other items pertaining to the

5

possession of firearms, including, but not limited to: gun cases, original gun packaging boxes, ammunition, ammunition magazines, holsters, targets, parts and accessories for firearms, firearm cleaning equipment, and documents and other information relating to the acquisition, purchase, sale, and/or repair of all these items. Some of these items (either the firearms themselves or the items related to firearms) may be found on a person's cell phone in the form of photographs, videos, emails, text messages or documents.

b.   People retain cellular telephones for multiple years at a time.  When people get a new phone, generally information from the old phone is transferred to the new phone and thus information from a number of prior phones could be located on the most current phone. In this case, where the number for the Subject Device appears to have been transferred from the Prior Subject Device shortly after law enforcement seized the Prior Subject Device, I believe, based on my training and experience, that information from the Prior Subject Device, including information pertaining to Delima's gun and drug activities prior to his July 2, 2022 encounter with law enforcement, will be on the Subject Device.

c.   Friends communicate with each other about coordinating plans to get together. These communications may include messages received by or sent from the devices, identification numbers and other information contained in their electronic memories, and the records of telephone numbers to which calls were placed and from which calls were received. The device may also contain GPS or similar location information indicating where the devices have traveled as well as photographs or videos.

d.   Individuals who commit crimes together or who know about crimes committed by their close associates, may communicate about those crimes through electronic communications

6

that would be stored on a cellular telephone.  The communications would be similar to those noted in subparagraph "c".

e.   Persons who participate in the distribution of controlled substances frequently use cellular telephones, among other communications devices, to coordinate their unlawful activities and to maintain contact with suppliers and consumers of illegal drugs. People involved in distribution of controlled substances will also often try to maintain a consistent phone number across devices so that their drug-related contacts can locate them to facilitate drug deals.

f.   Information stored in the memories of these communication devices constitutes evidence of drug trafficking.  Among other things, the evidence may contain the telephone numbers assigned to the communication devices, messages received by or sent from the devices, identification numbers and other information contained in their electronic memories, and the records of telephone numbers to which calls were placed and from which calls were received. The device may also contain GPS or similar location information indicating where the devices have traveled.

g.   With their cellular phones, drug dealers often take photographs or videos of drugs, drug paraphernalia, guns, other members of their organizations, cash and assets obtained from profits of drug sales, and locations associated with their illegal activity.  These photographs or videos may be stored in the memory of those cellular phones.

h.   Distributors of controlled substances often carry firearms to protect both their product as well as any profits they may obtain from their distribution activities.  I have participated in investigations (related to the distribution of controlled substances) in which evidence of unlawful purchases and possession of firearms have been found in the data stored in cellular telephones, including photos stored in the cellular telephone memory – some of which

7

have depicted firearms or individuals possessing firearms – text messages or calls to arrange the purchase of a firearm, or contact with a seller of a firearm through an online advertisement. Often, the same cellular telephones contain evidence related to the distribution of controlled substances, including photographs of controlled substances and bulk United States currency.

## INFORMATION REGARDING ELECTRONIC
## STORAGE AND FORENSIC ANALYSIS

12.   Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

13.   *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Subject Device were used, the purpose of their use, who used it, and when.  There is probable cause to believe that this forensic electronic evidence might be on the Subject Device because:

a.   Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b.   Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.   A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

8

d.   The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.   Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

14. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Subject Device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the devices to human inspection in order to determine whether it is evidence described by the warrant.

15. *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

16. Based on the foregoing, I submit there is probable cause to search the contents of the Subject Device, specifically described in Attachment A, for the evidence delineated in

9

Attachment B of the Application.  This warrant seeks only to review the phone for evidence of

Delima's drug and gun activities in June and July of 2022. Because this warrant seeks only

permission to examine the Subject Device already in law enforcement's possession, I submit

there is reasonable cause for the Court to authorize execution of the warrant at any time in the

day or night. In anticipation of seeking a federal warrant, I took custody of the Subject Device

and have retained them at the Burlington, Vermont ATF office.


Dated at Burlington, in the District of Vermont, this 31 day of October, 2022.


_____

SAMUEL BROWN
Special Agent, ATF


Sworn to and subscribed before me this 31 day of October, 2022.


_____

HONORABLE KEVIN J. DOYLE
United States Magistrate Judge